## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02672-LTB-BNB

**BRADLEY BRAXTON** and all others similarly situated,

 **Plaintiff,**

**v.**

**CITY AND COUNTY OF DENVER;**
**DENVER SHERIFF'S DEPARTMENT;**
**MAYOR JOHN W. HICKENLOOPER,** in his official capacity;
**SERGEANT RONALD RODRIGUEZ,** in his individual and official capacity;
**MAJOR ELIAS DIGGANS,** in his individual and official capacity;
**FOUR UNKNOWN DENVER DEPUTY SHERIFFS**, in their individual and official capacity,

 **Defendants.**

---

### ~~PROPOSED~~ SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

 The Scheduling Conference in this matter was held before Magistrate Judge Boyd N. Boland on February 20, 2008 at 2:30 p.m. in Courtroom A-401 on the fourth floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.

 The following appeared as counsel on behalf of the parties:

Gregory Charles Graf, Esq.
BERTRAM & GRAF, LLC
8400 E. Prentice Avenue, Suite 1500
Greenwood Village, Colorado 80111

*Counsel for Plaintiffs*

Stuart Shapiro, Esq.
Office of the Denver City Attorney
201 West Colfax Avenue, Dept. No. 1108
Denver, CO 80202-5332
(720) 913-3100

*Counsel for Defendants*

## 2. STATEMENT OF JURISDICTION

This is an action pursuant to 42 U.S.C. §1983 and against the Defendants which alleges Defendants willfully and wantonly violated the Plaintiff's Fourth, Fifth, and Fourteenth Amendment Rights through false imprisonment or arrest, intent to restrict by failure to release, wrongful detention, malicious prosecution arising out of a criminal case, abuse of process, and negligence in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Colorado State law §18-3-303, C.R.S. (2007), and *Colo.R.Crim.P.* 5(a)(a). The action also alleges claims against Denver for an unconstitutional policy, practice, or custom under *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and for Denver's failure to adequately train the Defendants under *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Jurisdiction and venue is conferred pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 1391. Jurisdiction regarding Plaintiff's claim for attorney fees is conferred by 42 U.S.C. § 1988.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

*Background*: Plaintiff Bradley Braxton alleges that he was arrested by the Denver Sheriff's Department on July 19, 2007 on a warrant from Denver General Sessions case number 95GS783993. The Warrant in that case was cancelled that same date. Denver Sheriff's Deputies

informed the Plaintiff he was being held without bond in Denver District Court case number 07CR3595, *People v. David Eddie*. Mr. Eddie was charged with sex assault. Deputy Sheriffs failed to take the Plaintiff before the first available judicial officer for an advisement of his rights and bond setting in either case. The Denver Sheriff did not take Mr. Braxton to Court in case number 95GS783993 on July 20, 2007 although the Court scheduled a hearing on the case. That case was dismissed. The Defendants failed to release Mr. Braxton.

Defendant's held Mr. Braxton for nine days without bond in case number 07CR3595 without bringing him to Court for an advisement of rights or bond setting. Mr. Braxton informed the Defendants that he was not the person charged in case 07CR3595 and the Defendants failed to investigate or release Mr. Braxton. The defendant in case 07CR3595 was David Eddie a white male; Mr. Braxton is a black male who neither knew the defendant David Eddie in case 07CR3595 nor was a co-defendant, suspect or witness in case 07CR3595. In addition to verbally informing the Defendants that he was not the defendant in case 07CR3595, he wrote two inmate grievance forms informing them of the identity and race of the defendant in case 07CR3595. The Defendants continued to hold Mr. Braxton without bail and without bringing him before a judicial officer.

On Friday July 27, 2007, after spending nine days in jail for a case in which he was not the defendant, Mr. Braxton was released. He was tormented and teased during the release process concerning his race. Mr. Braxton was not taken to Court during his nine days in captivity.

Plaintiff claims that it is routine and common practice for the Defendants to hold individuals for extended periods of time without bringing them to Court. Further, that there are

numerous similarly situated individuals who are held in jail without being brought in a timely manner before the first available judicial officer.

*Claims*: Plaintiff brings the following claims:

1. <u>42 U.S.C. §1983</u>: The actions of Defendants acting under color of state law, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including his right to freedom from unlawful and unreasonable seizures as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983, in that the Defendants wrongfully detained the Plaintiff without probable cause and denied him due process in direct violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Colorado state law *Colo.Rev.Stat*. §18-3-303 and *Colo.R.Crim.P*. 5(a)(1).

2. <u>False imprisonment</u>: Defendants intentionally, knowingly, recklessly, willfully and wantonly falsely imprisoned Mr. Braxton, seizing his person after knowing Mr. Braxton's name and race did not match the details on the warrant that was holding him, ignoring his complaints, and not taking him before the first available judicial officer.

3. <u>Intent to Restrict by Failure to Release</u>: Defendants were under a legal duty to bring Mr. Braxton without delay before a judicial officer as required by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and *Colo.R. Crim.P*. 5(a)(1).

4. <u>Malicious Prosecution</u>: Defendants intentionally, knowingly, recklessly, willfully and wantonly falsely imprisoned Mr. Braxton, seizing his person after knowing Mr. Braxton

name and race did not match the details on the warrant that was holding him, ignoring his complaints, and not taking him before the first available judicial officer.

5. <u>Negligence</u>: The Defendants owed a duty to Mr. Braxton to insure that his detention was proper and that as a black male, he was not being detained for charges in a case in which the defendant was a white male with a different name. Further, the Defendants had a duty to insure that Mr. Braxton was taken before the first available judicial officer so he could be advised of the charges and his constitutional rights.

b. Defendants:

Defendants deny the substantive allegations within Plaintiff's Complaint. Defendants deny that Plaintiff's constitutional rights were violated pursuant to 42 U.S.C. § 1983. Defendants further deny that the City and County of Denver and the Denver Sheriff's Department maintained any unconstitutional policy, custom or procedure that was causally related to any alleged constitutional deprivation. Further, Defendants deny that the City and County of Denver, Mayor John W. Hickenlooper or the Denver Sheriff's Department failed to adequately supervise and train the Sheriffs of the Denver Sheriff's Department.

Defendants assert the following affirmative defenses:

1. The Plaintiff's Complaint and Jury Demand and the allegations contained therein fail to state a claim upon which relief may be granted against these Defendants.

2. Defendants are immune from liability under the allegations of Plaintiff's Complaint pursuant to the provisions of § 24-10-101 through § 24-10-120, C.R.S. (2007).

3. Plaintiff's Complaint and the allegations stated therein are barred by the doctrines of sovereign, official, and/or qualified immunity.

4. Defendants' actions were at all times legally privileged.

5. Plaintiff's claims are barred by *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

6. The allegations contained in the Plaintiff's Complaint do not rise to the level of constitutional depravation under which this Court could exercise jurisdiction pursuant to Title 42 U.S.C. § 1983, citing *Daniels v. Williams,* 474 U.S. 327 (1986) and *Davidson v. Canyon,* 474 U.S. 344 (1986).

7. Plaintiff's claimed losses did not result from an official policy, custom, usage or practice established by the final policy maker or someone whose acts or edicts may fairly be said to represent official policy.

8. At all times material, Plaintiff was accorded all rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States and the State of Colorado.

9. The City and County of Denver (Denver) is not liable for exemplary or punitive damages pursuant to applicable law.

10. Denver is not liable under the facts and circumstances alleged in Plaintiff's Complaint because no improper acts were committed or permitted by Denver's employees or subordinates and said employees or subordinates did not in any way participate in, authorize, ratify, direct or control any alleged improper acts of any such employees or subordinates.

11. Defendants reserve the right to amend their answer to add such other affirmative defenses as may become known through discovery or are supported by the evidence.

12. The Plaintiff has failed to comply with the notice requirements of the Colorado Governmental Immunity Act, § 24-10-109, C.R.S. (2007).

13. At all time material hereto, Defendants were lawfully exercising the powers conferred upon them pursuant to the laws and statutes of the State of Colorado and the City and County of Denver.

## 4. UNDISPUTED FACTS

1. The City of Denver is an incorporated municipality under the laws of the State of Colorado, with principal offices located at the Denver City and County Building, 1437 Bannock Street, Denver, Colorado, 80202.

2. The Denver Sheriff's Department is a department or agency of the City of Denver.

3. John W. Hickenlooper is the Mayor of the City and County of Denver and is responsible for general oversight and management of all departments and agencies of the City and County of Denver.

4. Defendant Ronald Rodriguez is a Sergeant working for the Denver Sheriff's Department at the Denver County Jail.

5. Defendant Elias Diggans (sic), is a Major working for the Denver Sheriff's Department at the Denver County Jail.

6. On July 25, 2007, Plaintiff Braxton wrote an "Inmate Message Form" informing jail staff that he was not the person charged in the case as set forth in Exhibit 1 to the Complaint.

7. On July 26, 2007, Defendant Sgt. Braxton wrote to Plaintiff Braxton the following message, "if the court's are aware of this, they will drop charges. Sgt. Rodriquez 7-26-07."

8. On July 26, 2007, Plaintiff Braxton wrote an "Inmate Grievance Form" to the Denver Sheriff's Department as set forth in Exhibit 2 to the complaint.

9. Mr. Braxton was released from the Denver County Jail on July 27, 2007.

## 5. COMPUTATION OF DAMAGES

a. Plaintiff has made a claim for one million dollars from Defendants in damages consisting of the following:

(a) Appropriate declaratory and other injunctive and equitable relief;

(b) Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, degradation, fear, loss of enjoyment of life, and other pain and suffering on all claims and loss of consortium;

(c) All economic losses on all claims allowed by law including loss of employment;

(d) Exemplary damages on all claims allowed by law;

(e) Attorneys fees and the costs associated with this action, as well as expert witness fees, as allowed by law and 42 U.S.C. § 1988;

(f) Pre- and post-judgment interest at the lawful rate.

(g) Any further relief that this court deems just and proper, and any other relief as allowed by law.

b. Defendants have made no claim for damages, but reserve the right to seek attorneys' fees and costs related to the defense of this matter.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P.26(f)

a. The parties conducted a meeting pursuant to Fed. R. Civ. P. 26(f) on February 1, 2008, and February 13, 2008

b. Names of each participant and party he/she represented. Mr. Gregory Charles Graf *(Counsel for Plaintiffs)* and Mr. Luis Corchado and Mr. Eckhardt represented the Defendants.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). The Rule 26(a)(1) disclosures were made by the parties on February 14, 2008.

d. Statement as to when rule 26(a)(1) disclosures were made or will be made. The Rule 26(a)(1) disclosures were made by the parties on February 14, 2008.

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties. The parties have not made an agreement to conduct informal discovery.

f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery. Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records.

Counsel for the Defendants sent a NOTICE TO PRESERVE RECORDS INCLUDING ELECTRONIC DATA ("LITIGATION HOLD") to all named Defendants on January 16, 2008, and requested that the litigation hold be forwarded to any and all appropriate personnel responsible for maintaining electronic documents and data at the Denver Sheriffs Department. Counsel for the Plaintiff indicated on December 26, 2007, that he will ask the Defendants to produce the names of all persons processed by the Denver Sheriff's Department, the date each individual was first "booked," and the date each individual was first brought to Court for the last five years. Counsel for the parties will work together to determine the location, retrievability, cost involved, potential application of privileges and various other issues relative to identification and disclosure of electronic information which may be relevant to issues in the case. Counsel for the Plaintiff shall determine precisely what electronic discovery he wants to request, the format, and will make all discovery requests for electronic information at the same time (one time only) to limit associated discovery costs.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **March 28, 2008** ~~**May 23, 2008.** This joinder date is contingent on disclosures made by the Defendants concerning date of booking and date of first appearance requested by Plaintiff~~.

b. Discovery Cut-off: **October 20, 2008**

c. Dispositive Motion Deadline: **November 28, 2008.**

10

d. Expert Witness Disclosure:

(1) (A) Plaintiff:

Anticipated field(s) of expert testimony: Plaintiffs may call experts in the following fields:

1. Criminal law and procedure;

2. Criminology;

3. Psychology;

4. Racial Disparity.

(B) The Defendants anticipate they may call experts in the following fields: Jail Operations and Procedures and any fields designated by Plaintiff.

(2) Parties agree to limit the number of experts to four per side.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 6, 2008**.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 7, 2008**.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.  Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Bradley Braxton | TBA | TBA | 7 Hrs. |
| Sergeant Ronald Rodriguez | TBA | TBA | 7 Hrs. |
| Major Elias Diggins | TBA | TBA | 7 Hrs. |
| Mayor John W. Hickenlooper | TBA | TBA | 4 Hrs. |
| William R. Lovingier Director of Corrections and Undersheriff | TBA | TBA | 4 Hrs. |
| Alvin LaCabe Manager of Safety | TBA | TBA | 4 Hrs. |
| Unknown Booking Deputy | TBA | TBA | 4 Hrs. |
| Four Unknown Deputies/County Jail Release | TBA | TBA | 4 Hrs each. |
| Deputy Sheriff Shields | TBA | TBA | 4 Hrs. |
| Hon. Ann Mansfield | TBA | TBA | 4 Hrs. |
| Hon. Claudia Jordan | TBA | TBA | 4 Hrs. |
| Denver District Court Division 10 Clerk | TBA | TBA | 7 Hrs. |
| David Eddie | TBA | TBA | 7 Hrs. |
| Expert Witness (defense lawyer) | TBA | TBA | 7 Hrs. |
| Expert Witness (Public Defender) | TBA | TBA | 7 Hrs. |
| Expert Witness (Operation of criminal detention facilities) | TBA | TBA | 7 Hrs. |
| Expert Witness on racial disparity and treatment of African Americans in the criminal justice system | TBA | TBA | 7 Hrs. |

\* The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery.

f. Interrogatory Schedule:

**All written discovery must be served so that responses are due on or before the discovery cut-off** ~~All interrogatories must be mailed no later than **September 17, 2008**, so that they may be responded to by the discovery cut-off date~~.

g. Schedule for Request for Production of Documents: **All written discovery must be served so that responses are due on or before the discovery cut-off** ~~All requests for production of documents must be mailed no later than **September 17, 2008**, so that they may be responded to by the discovery cut-off date~~.

h. Discovery Limitations:

(1) The parties shall be limited to each party plus ten (10) depositions per side, excluding expert witnesses.

(2) A deposition is limited to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(2).

(3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules. The parties each may take ten (10) fact depositions per side in addition to each party and expert witnesses. Each side may serve 25 interrogatories on the opposing party, including all discrete subparts.

(4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions. Each side may serve a total of 25 requests for production of documents and a total of 25 requests for admissions.

(5) Other Planning or Discovery Orders

(a) ~~Defendants propose that all requests for admissions shall be served no later than **September 17, 2008**.~~

(b) All parties agree to send and receive all discovery in electronic form and agree that all discovery requests will be in electronic form.

### 9. SETTLEMENT

The parties have discussed the possibility of settlement. The parties will continue to discuss settlement in good faith. Counsel for the Defendants submitted a Confidential Settlement Memorandum to Magistrate Judge Boyd N. Boland on February 13, 2008. Counsel for the Plaintiff will submit a Confidential Settlement Memorandum to Magistrate Judge Boyd N. Boland on February 28, 2008.

### 10. OTHER SCHEDULING ISSUES

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.

b. Electronic Discovery - Counsel for the Plaintiff has indicated he will request that the Defendants produce the names of all persons processed by the Denver Sheriff's Department, the date each individual was first "booked," and the date each individual was first brought to Court for the last five years. Upon information and belief this request encompasses records for approximately 300,000 individuals. The Defendants' position is that this appears to be a "fishing" expedition by counsel for the Plaintiff. Fed. R. Civ. P. 26(b)(2)(C) provides factors that this Court should consider in determining whether to order expensive electronic discovery and whether and how to apportion the costs between the parties: "[whether] (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that

is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.and would impose undue hardship and expense on the Defendants," (ultimately the people of the City and County of Denver).

FED. R. CIV. P. 26(b)(2)(B), provides: "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)."

The Advisory Committee Notes indicate, the presumption to such electronic discovery is justifiably challenged when the data is "not reasonably accessible" by virtue of the substantial burden and cost. FED. R. CIV. P. 26, advisory comm. notes to 2006 Amend. The presence of substantial cost and burden in this case is without serious contest. The primary dispute remains as to who is going to pay for unearthing this information.

c. Anticipated length of trial and whether trial is to the court or jury. Five days - Trial by Jury.

## 11. DATES FOR FURTHER CONFERENCES

a.  A settlement conference will be held on **March 17, 2008, at 9:00 a.m.**

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

- ( )   *Pro se* parties and attorneys only need be present.

- (X)   *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

- (X)   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before **March 10, 2008**, outlining the facts and issues in the case and the party's settlement position.

b.  Status conferences will be held in this case at the following dates and times:
_____
_____

c.  A final pretrial conference will be held in this case on **January 20, 2009, at 9:00 a.m.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **January 13, 2009** ~~five days before the final pretrial conference.~~

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

Dated February 20, 2008.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge

APPROVED:

s/ Gregory Charles Graf

_____

Gregory Charles Graf, Esq.
BERTRAM & GRAF, LLC
8400 E. Prentice Avenue, Suite 1500
Greenwood Village, Colorado 80111
Greenwood Village, Colorado 80111
Telephone: (303) 409-7711
Facsimile: (303) 409-7714
*Counsel for Plaintiffs*

s/ Stuart Shapiro

_____

Stuart Shapiro
John Eckhardt
Office of the Denver City Attorney
201 West Colfax Avenue, Dept. No. 1108
Denver, CO 80202-5332
(720) 913-3100
*Counsel for Defendants*